UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHANY ZAPATA | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO._____ |
| | § | |
| **A.R.E. OPERATIONS, LLC** | **§** | |
| D/B/A SYLVAN LEARNING CENTER | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes now Plaintiff, Stephany Zapata (hereinafter, "Plaintiff,") by and through counsel, and in support of her claims against the above-named Defendant, A.R.E Operations, LLC dba Sylvan Learning Centers (hereinafter "Defendant") respectfully states:

**I.**

**NATURE OF THE ACTION**

This is an employment discrimination case brought by Plaintiff against her employer, Defendant A.R.E. Operations, LLC, under Title VII of the Civil Rights Act of 1964, including the Pregnancy Discrimination Act, as amended.   This action is also presented  under the Family Medical Leave Act and Chapter 21 of the Texas Labor Code.

**II.**

**PARTIES**

1.    Plaintiff, Stephany Zapata is a resident of Texas.

2.    Defendant is located in Tarrant County, Texas. It may be served with process by serving its registered agent, Lance Fox, 3535 Calder, Suite 310, Beaumont, Texas 77706.

PLAINTIFF'S ORIGINAL COMPLAINT                                                            Page  1

### III.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. §1331 and §1343 because this action presents federal questions. The Court also has supplemental jurisdiction to entertain Plaintiff's claims brought under Texas law. Venue is proper pursuant to 28 U.S.C. §1391 because the events made the basis of this lawsuit occurred within the geographical boundaries of the United States District Court for the Eastern District of Texas, Sherman Division.

### IV.

### FACTS

4.      Plaintiff was employed by Defendant in July 2018, when the Sylvan Learning franchise was acquired from her former employer.

5.      Plaintiff was originally employed as Director of Education at the Sylvan Learning Center in McKinney, Collin County, Texas.

6.      Plaintiff's duties as Director of Education at the McKinney Center included maintaining and extending current families through their programs, assist with enrollment of new families in tutoring programs, hiring and training of new teachers, create center schedules, and assessment for new and current students.

7.      On October 3, 2018, Plaintiff was promoted to the Flower Mound Center Director position, in Denton County, Texas.

8.      Plaintiff received a nine percent raise (9%) in her salary when she was promoted.

9.      Plaintiff's duties as Director of the Flower Mound Center included, maintaining and extending current families through their programs, assist with enrollment of new families in

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                      Page 2

tutoring programs, hiring and training of new teachers, create center schedules, and assessment for new and current students, hiring and training all staff, driving revenue through marketing and inquiry follow-ups, accounting, budgeting, supply orders, running payroll and tracking center statistics.

10.     While employed at the Flower Mound center, earned revenue showed an increase each month, demonstrating an upward trend, and the number of staff tripled as directed by upper management.

11.     Plaintiff also ran two offsite tutoring programs contracted by the Boys and Girls Club through the Flower Mound Center.

12.     In December of 2018, Plaintiff also assumed the duties of the Director of Education in addition to her duties as the Flower Mound Center Director.

13.     On March 29, 2019, Plaintiff sent a text message to the A.R.E. Executive Director, Mindy Rogers, and told her that Plaintiff and her husband were planning a family and asked for information about maternity leave and FMLA.

14.     Plaintiff was told there was no maternal leave policy in place and it would be handled on a case-by-case basis of each individual person and situation.

15.     During the first week of April, 2019, in a meeting with Jonathan Ellis, the franchise owner and Chief Executive Officer of A.R.E. Operations, LLC, and several other employees, Mr. Ellis asked Plaintiff directly if she had children.

16.     Plaintiff answered "no, not yet," and Mr.  Ellis replied with apparent hostility, "are you trying to tell me something?"   Plaintiff chose not to answer him because the question made

her uncomfortable and because she had a history of a miscarriage in the past year that she did not wish to discuss with Mr. Ellis or other at that time.

17.     On April 9, 2019, Plaintiff sent an email directed to Jonathan Ellis stating that she and her husband were planning a family and inquired about FMLA and maternity leave options.

18.     One day later, on April 10, 2019, Jonathan Ellis, owner of A.R.E. Operations, LLC and Evita Mason, a management level employee, appeared at the Flower Mound Center and fired Plaintiff with no notice and Plaintiff was denied her accrued PTO.

19.     By way of explanation, Jonathan Ellis stated that "the wheels are turning" but that "there was not enough traction" referring to the Flower Mound Center's staffing and revenue.

20.     Although Plaintiff was discharged due to those alleged "performance reasons," Plaintiff was never counseled by Defendant either verbally or in writing about any performance deficits in the nine months prior to her discharge.

21.     The Flower Mound Center ranked in the mid-range of the centers owned by A.R.E. franchise in terms of performance including revenue, staffing, customer service and student enrollment.

22.     Plaintiff timely filed a charge of discrimination against her employer A.R.E. Operations, LLC d/b/a Sylvan Learning Centers on August 26, 2019 with the Equal Employment Opportunity Commission and Texas Workforce Commission – Civil Rights Division which was within 180 days of her employment termination which is timely under both Texas and federal law.

23.     Plaintiff received a Notice of Right to Sue from the EEOC on October 20, 2020. The Notice of Right to Sue is attached hereto as Exhibit I – Notice of Right to Sue.

PLAINTIFF'S ORIGINAL COMPLAINT                                               Page 4

24.     This lawsuit was timely as it was filed within 90 days of receipt of the EEOC Notice of Right to Sue and within other applicable statute of limitations. A Notice of Right to Sue is not required under Chapter 21 of the Texas Labor Code.

**V.**

**CLAIMS**

**A.**
**Discrimination in Violation of**
**Title VII of the Civil Rights Act of 1964, including**
**the Pregnancy Discrimination Act, as amended**

25.     Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

26.     As alleged in the facts portion of this Complaint, the employer retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e–3.

27.     Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e.

28.     Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, and was Plaintiff's employer.

29.     The effect of the practices complained of has been to retaliate against Plaintiff because she was pregnant resulting in her damages.

30.     The unlawful employment practices complained of herein were willful and intentional and were done with malice or with reckless indifference to Plaintiff's federally protected rights resulting in her damages.

31.     All administrative prerequisites to the filing of this lawsuit have been exhausted.

**B.**
**Discrimination in Violation**
**Chapter 21 of the Texas Labor Code**

32.     Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

33.     This count is alleged against Defendant A.R.E. Operations, LLC d/b/a Sylvan Learning Centers who was Plaintiff's employer, for retaliation in violation of Chapter 21 of the Texas Labor Code.

34.   As alleged in the facts portion of this Complaint, Plaintiff's employer discriminated against Plaintiff in violation of Chapter 21 of the Texas Labor Code based upon pregnancy/sex discrimination and retaliation.

35.     The unlawful employment practices complained of herein were intentional and were done with malice or with reckless indifference to Plaintiff's state protected rights resulting in her damages.

36.     All administrative prerequisites to the filing of this lawsuit have been exhausted.

**C.**
**Cause of Action:   Retaliation in Violation of the FMLA**

37.     Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

38.     Defendant violated the FMLA by retaliating against Plaintiff for seeking leave for a serious health condition (pregnancy).   29 U.S.C. § 2601 *et seq*.

39.     Under 29 U.S.C. § 2615(a)(1), it is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

40.     Plaintiff was employed by Defendant at a work site with more than 50 employees

PLAINTIFF'S ORIGINAL COMPLAINT                                                                    Page 6

employed by Defendant within a 75-mile radius.

41.     At all times relevant to this suit, Plaintiff was an eligible employee under the FMLA. Plaintiff was employed by Defendant for at least 12 months and for at least 1,250 hours of service during the 12-month period preceding her leave request.

42.     Defendant discharged Plaintiff specifically in retaliation for seeking information about FMLA-protected leave.

43.     Plaintiff is entitled to recover liquidated damages under the circumstances alleged in this case describing a willful violation of the FMLA.

**PRAYER**

44.     Plaintiff respectfully prays that the Court enter judgment in her favor and against Defendant, and award Plaintiff the following:

a) Actual damages plus interest including, but not limited to, wage loss, loss of employment opportunities and lost benefits, past and future, as allowed by law;

b) Compensatory damages arising from emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation, shame, shock and humiliation and other nonpecuniary losses, past and future, as allowed by law;

c) All damages and relief as allowed under Title VII of the Civil Rights Act of 1964, as amended;

d) All damages and relief as allowed under Chapter 21 of the Texas Labor Code;

e) All damages and relief as allowed under the Family Medical Leave Act;

f) Attorney's fees, costs and injunctive relief necessary to eradicate the effects of its unlawful employment practices in the form of reinstatement, or alternatively, front pay, having

PLAINTIFF'S ORIGINAL COMPLAINT                                                                Page 7

Plaintiff's employment record cleared of negative and false information and any other relief as allowed under Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act and as otherwise allowed by law;

      g) Special damages as allowed by law;

      h) Punitive and/or exemplary damages as allowed by law;

      i) Liquidated damages as allowed by law;

      j) Prejudgment interest as allowed by law;

      k) Post-judgment interest as allowed by law;

      l) Attorney's fees as allowed by law;

      m) Court costs and expenses as allowed by law;

      n) Payment of costs and interest as allowed by law;

      o) All other relief, both special and general, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,


/s/ Tamara Brock Segal
Tamara Brock Segal
Texas State Bar No.    24010782
tamara@brockgoetzmann.com
**BROCK & GOETZMANN, PLLC**
12655 N. Central Expressway, Suite 315
Dallas, Texas 75248
Tel: (214) 739-1843
Fax: (214) 739-1496
ATTORNEYS FOR PLAINTIFF


*/s/ John E. Schulman*
John E. Schulman, Esq.
State Bar No. 17833500
jschulman@schulmanlaw.com
Margaret K. Schulman, Esq.
State Bar No. 17833900
mschulman@schulmanlaw.com
**THE SCHULMAN LAW FIRM, P.C.**
6440 N. Central Expressway, Suite 210
Dallas, TX 75206
Tel: 214-361-2580
Fax: 214-361-6580
**CO-ATTORNEYS FOR PLAINTIFF**



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Dallas District Office

207 S. Houston Street, 3rd Floor
Dallas, TX 75202-4726
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Dallas Direct Dial: (972) 918-3580
FAX: (214) 253-2720
Website: www.eeoc.gov

Dallas District Office
San Antonio Field Office
El Paso Area Office

**Stephany Zapata**
**3821 Moorcroft Road**
**Frisco, Texas 75034**

RE:    EEOC Charge Number: 450-2019-03592
Stephany Zapata vs. A.R.E. OPERATIONS, LLC - SYLVAN LEARNING CENTER

Dear Ms. Zapata:

Thank you for the additional information you submitted in response to our preliminary assessment of the evidence and decision to dismiss your charge of employment discrimination. We want to assure you that all the evidence submitted by you and the employer has been considered in our review of your case.

After review of the additional information you provided, it is our assessment that further investigation is unlikely to result in a violation of the statutes we enforce. While we realize that you have firm views that the evidence supports your position you were discriminated against, the final determination must comport with our interpretation of the available evidence and the laws we enforce.

Therefore, please find enclosed the Dismissal and Notice of Rights that represents a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and describes your right to pursue the matter by filing a lawsuit within ninety (90) days of your receipt of the notice. If you fail to file a lawsuit within the statutory ninety-day period, your right to sue in federal court will expire and cannot be restored by EEOC. Additionally, you may wish to consider consultation with private counsel who specializes in employment law for an assessment of your circumstances and the likelihood of prevailing in any litigation you might initiate.

We hope this information is helpful to you.

Sincerely,

10-20-2020              *Jassiem Omar*

DATE                       Jassiem M. Omar
Investigator

Encl.: Dismissal and Notice of Rights (EEOC Form 161)

John Schulman, Attorney, 6440 N Central Expressway, Suite 210, Dallas, TX 75206

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Stephany Zapata**<br>**3821 Moorcroft Road**<br>**Frisco, TX 75034** | From: | **Dallas District Office**<br>**207 S. Houston St.**<br>**3rd Floor**<br>**Dallas, TX 75202** |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **450-2019-03592** | **Jassiem M. Omar,**<br>**Investigator** | **(972) 918-3603** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Sandra Taylor for*                                          10-20-2020

Enclosures(s)

**Belinda F. McCallister,**
**District Director**                                          *(Date Mailed)*

cc:
**Barbara J. Barron, Attorney**                  **John Schulman, Attorney**
**MehaffyWeber**                                        **THE SCHULMAN LAW FIRM PC**
**2615 Calder Avenue, 8th floor**               **6440 N Central Expressway, Suite 210**
**Beaumont, TX 77702**                             **Dallas, TX 75206**
**(A.R.E. OPERATIONS, LLC - SYLVAN LEARNING**
**CENTER)**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you** *receive* **this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE     --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*